UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 07-10083

REAL PROPERLY LOCATED AT       HONORABLE AVERN COHN
6137 UNIVERSITY DRIVE, DEARBORN,
MICHIGAN, et al,

    Defendants.

_____/

**MEMORANDUM AND ORDER DENYING CLAIMANTS' MOTION TO DISMISS**

I.

This is a forfeiture case. Since March 7, 2001, federal agents have investigated allegations that Dr. Ali S. Makki (Makki) has participated in fraudulent medical billing schemes, drug diversion, and violation of immigration laws. As will be explained, this is the third case in this district related to Makki.

Before the Court is Claimants' Motion to Dismiss. The Court held a hearing on March 28, 2007 and directed the parties to file supplemental papers. The supplemental papers have been received. The matter is now ready for decision. For the reasons that follow, the motion is DENIED.

II.

On December 1, 2004, the government filed a civil forfeiture action, US v. $75,890.00, 04-74700 (the 2004 forfeiture case), which was assigned to the Court. In

1

that case, the government seeks forfeiture of $75,890.00 in currency as alleged proceeds of Ali Makki's illegal activity. Ali Makki and Fadwa Makki filed claims of interest in the currency. On May 19, 2005, the Court entered a stipulated order staying all proceedings due to the ongoing criminal investigation of Ali Makki. The stay order was extended, again by stipulation, on September 15, 2005, and March 15, 2006.

On June 23, 2006, Makki was indicted in a criminal case, US v. Makki, 06-20324. The case was assigned to Judge Zatkoff. Makki was indicted, variously, for health care fraud, immigration (visa) fraud, making false statements, and illegal distribution of controlled substances. The Court did not accept the criminal case as a companion to the earlier filed forfeiture action.

After Makki's indictment, on June 19, 2006, the Court entered another stay order in the 2004 forfeiture case, staying all proceedings until the criminal case has been resolved.

On January 2, 2007, the government filed a second forfeiture action against Makki. US v. Real Property, 07-10083 (the 2007 forfeiture case). It was randomly assigned to the Court. The defendants in rem consist of the following properties:

      1.     6137 University Drive, Dearborn Heights, Michigan

      2.     301 Golfcrest Drive, Dearborn, Michigan

      3.     The property at Palmer Crossing, Canton, Michigan

      4.     6050 Greenfield, Dearborn, Michigan

Ali Makki, Fadwa Makki, Jupiter Enterprises, LLC and Fadmak & Associates, LLC have filed claims of interest in the properties (collectively, Claimants).

On January 25, 2007, Claimants filed the instant motion to dismiss the 2007 forfeiture case.

On February 20, 2007, Claimants filed an emergency motion in the 2007 forfeiture case relating to the property at 301 Golfcrest Drive. Specifically, they filed an Emergency Motion to Release Affidavit Relating to a Matter Affecting Title and Lis Pendens for 301 Golfcrest Drive, Dearborn, Michigan, seeking a ruling to allow the sale of the property at 301 Golfcrest Drive. The parties appeared before the Court on February 23, 2007. The Court ordered that the sale go forward and that the proceeds be placed in escrow. See Amended Order Approving Sale of 301 Golfcrest Drive Dearborn, Michigan, filed February 26, 2007.

### III.

When analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take a plaintiff's well-pleaded allegations as true. Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977). "[W]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." Sinay v. Lawson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Computer Leasco v. Volvo White Truck Corp., 820 F. Supp. 326, 332 (E.D. Mich. 1992)(citing Conley v. Gibson, 335 U.S. 41, 45-46 (1957)).

IV.

Claimants argue that the filing of the 2007 forfeiture case violates the stay order in effect in the 2004 forfeiture case and is "a grasping effort to avoid a forecasted adverse ruling" in the criminal case. Claimants also argue that the forfeitures sought are "grossly disproportionate to the alleged criminal conduct that maintenance of the action will violate the [Excessive Fines clause of] Eighth Amendment." The government argues that it is proper to file a second forfeiture action as to different property and any inquiry regarding the Eighth Amendment is premature.

The government's position is well-taken. Claimants cite no authority for the proposition that an earlier filed and stayed forfeiture action precludes the filing of a subsequent forfeiture action. This is particularly so where the defendants in rem in each forfeiture case are different. The stay order in the 2004 forfeiture case simply has no impact on the filing of the 2007 forfeiture case.

Claimants also argue that the government is overreaching in its forfeiture efforts because the losses allegedly suffered by the government, in the form of Makki's alleged fraudulent billings, are far less than the value of the property sought to be forfeited. Claimants, at the Court's direction, filed a supplemental paper detailing an analysis of the government's allegedly over-secured position. Claimants contend, based on their figures, that the government is over-secured by approximately 3 million dollars. In response, the government says that it is not over-secured because all four properties at issue are themselves forfeitable as properties "involved" in money laundering, and are not simply the subject of forfeiture to secure against the losses suffered due to Makki's alleged fraudulent billing. Based on the government's position, Claimants' argument

4

lacks merit. Moreover, and importantly, any challenge as to excessiveness under the Eighth Amendment should wait until the government has established forfeitability. See United States v. Funds in the Amount of $170,926.00, 895 F. Supp. 810, 813 (N.D. Ill. 1997); One Parcel of Real Estate Located at 13143 S.W. 15th Lane, 872 F. Supp. 968, 974 (S.D. Fla. 1994). Thus, the issue of whether the government is over-secured is premature at best.

Claimants also attack the government's actions, noting that the 2007 forfeiture case was filed two years after the 2004 forfeiture case and well after Makki was indicted and take issue with the government's alleged evidence as to the scope of Makki's fraudulent activity, asserting that recent discovery has revealed the "thinness" in the government's case. While the Court appreciates Claimants' concerns, they are not relevant to whether the forfeiture complaint must be dismissed.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, May 7, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160